PATRICK J. KEARNS AND MARY KEARNS, HIS WIFE, PLAINTIFFS-RESPONDENTS, v. FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued May 1, 1945—Decided May 18, 1945.

Before Justices CASE, BODINE and PERSKIE.

For the appellant, *Lum, Fairlie & Wachenfeld (Charles S. Barrett, Jr.)*.

For the respondents, *Martin J. Loftus*.

The opinion of the court was delivered by

BODINE, J. This was a suit on a policy of fire insurance covering premises situate at 281 Lafayette Avenue, Passaic, New Jersey.

The policy of standard form provides: "In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser respectively selected by them and shall bear equally the expense of the appraisal and umpire. * * * No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing require-

ments, nor unless commenced within twelve months next after the fire."

Pursuant to these provisions appraisers were selected and an umpire was chosen by them. Note: the duty was to find sound value and the damage. The award in writing of any two was determinative of the loss. The award so made showed that the loss was *none*.

The learned trial judge refused to receive the award in evidence, the reason being that written thereon were the following words: "I find no loss on the assumption that no lightning struck."

The award should have been received in evidence. *Kaplan* v. *Niagara Fire Insurance Co.*, 73 *N. J. L.* 780; *Fagliarone* v. *Consolidated Film Industries, Inc.*, 131 *Id.* 315. An award in arbitration may be set aside in the manner and for the reason stated in *R. S.* 2:40–19. Courts of equity also act for certain reasons given. *Goerke Kirch Co.* v. *Goerke Kirch Holding Co.*, 118 *N. J. Eq.* 1. The award till vacated is conclusive between the parties. *Deakman* v. *The Odd Fellows Hall Association of Jersey City*, 110 *N. J. L.* 304.

But two questions were submitted for finding, *i. e.*, the sound value of the property and the loss sustained. These matters were determined, and, if improperly, as argued a direct proceeding should have been taken. *Ruckman* v. *Ransom*, 35 *N. J. L.* 565.

The judgment is reversed.